```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
DANIEL MILLER, MARY MILLER,

                 Plaintiffs,
                                        ORDER
        -against-                       21-CV-2949(JS)(AKT)

ANDRE SMITH, Parole Officer; TANYA
HUBBARD, Senior Parole Officer;
TINA M. STANFORD, Chairwoman, Board
of Parole; NYSDOCCS, ROGER TRAYNOR,
Senior Offender Rehabilitation
Coordinator at Franklin Correctional
Facility; COURTNEY LEONARD, Senior
Offender Rehabilitation Coordinator
at Franklin Correctional Facility;
MS. MORALES, Offender Rehabilitation
Coordinator at Green Haven Correctional
Facility; COUNTY OF NASSAU; JOHN DOE,
Commissioner of the Nassau County
Department of Social Services; ANTHONY
ANNUCCI, Acting Commissioner of DOCCS;
A. RUSSO, Superintendent of the Green
Haven Correctional Facility,

                 Defendants.
----------------------------------X
```
APPEARANCES:
For Plaintiffs:     Daniel Miller, pro se
                    15-A-3706
                    Green Haven Correctional Facility
                    P.O. Box 4000
                    594 RT 216
                    Stormville, New York 12582

                    Mary Miller, pro se
                    207 West Broadway
                    Inwood, New York 11096

For Defendants:     No appearances.

SEYBERT, District Judge:

       On May 25, 2021, incarcerated pro se plaintiff Daniel

Miller ("Daniel") and his mother, Mary Miller ("Mary" and together with Daniel, "Plaintiffs"), filed another Complaint in this Court pursuant to 42 U.S.C. § 1983, together with an application for the entry of a temporary restraining order and/or a preliminary injunction. However, the Court must first address two interrelated issues: Daniel's deficient filing, i.e., his partial payment of the filing fee, and Mary's motion for leave to proceed in forma pauperis ("IFP"). (IFP Motion ("Mot."), ECF No. 2.[1]) For the reasons that follow, (1) this case is held in abeyance until the required filing fees are paid in accordance with this Order, and (2) the IFP Motion is DENIED.

BACKGROUND

Daniel is no stranger to the federal courts. Given his long history of frivolous and vexatious litigation, he has been barred from proceeding IFP under 28 U.S.C. § 1915(g)'s "three strikes provision." See Miller v. Annucci ("SDNY Action"), No.

---

[1] The Court is in receipt of a second supplemental affidavit filed by Daniel (see ECF No. 8) that was not served on Mary. Rule 5 of the Federal Rules of Civil Procedure requires that each plaintiff must serve his co-plaintiffs with all documents or motions filed with the Court. Accordingly, Daniel is directed to serve all documents or motions filed in this action on Mary, and vice-versa. In any event, because the second supplemental affidavit relates to Plaintiffs' application for emergency relief, which is held in abeyance until the required filing fees are paid, the Court declines to consider it at this time.

18-CV-0037, 2018 WL 10125145, at *1 (S.D.N.Y. Feb. 27, 2018) (noting bar) (hereafter, the "SDNY Order"). Daniel acknowledges that he is barred from proceeding IFP but has remitted only $175.00, his purported "pro rata share" of the filing fee.[2] (See May 10, 2021 Cover Letter, ECF No. 1-3 (identifying a $175 U.S. Postal Money Order, for Daniel's pro rata share of the filing fee, as included with the Plaintiffs' filing); see also IFP Mot., ¶¶ 2-3, and ECF p. 4 (stating that Mary is paying Daniel's purported $175.00 share of the filing fee).)

In connection with Daniel's partial payment of the filing fee, Mary states that she will be "the one who will have to pay for [Daniel's] pro rata share of the Docket Fee anyway." (IFP Mot. ¶ 2.) She requests that the $402.00 fee be reduced to $350.00, and that the Court accept the $175.00 Money Order as "payment in full." (Id. ¶ 3; see also id. ECF p. 4.)

In support of her IFP Motion, Mary reports: she is

---

[2] Pursuant to 28 U.S.C. § 1914, "(a) The clerk of each district court shall require the parties instituting any civil action . . . to pay a filing fee of $350.00." The District Court's Miscellaneous Fee Schedule adds a $52.00 "administrative fee" for filing any civil action in the district court. Thus, this Court collects $402.00 for the filing fee. However, the administrative "fee does not apply to . . . persons granted in forma pauperis status under 28 U.S.C. § 1915." See District Court Miscellaneous Fee Schedule ¶ 14, https://www.nyed.uscourts.gov/court-fees. As noted supra, however, Daniel cannot proceed IFP.

3

retired (id. ¶ 6); she receives monthly income in the total sum of $4,187.00 from Social Security and her New York State Retirement Pension (id. ¶ 8); her monthly expenses total $4,077.00 (id.); and that the only account that she has is her "regular checking account from which all of my monthly bills are paid" (id. ¶ 9). Notably, Mary did not disclose the balance in her checking account. Mary also states that she "will have to borrow money to file the Complaint" if her IFP application is denied, and that she is "borrowing another $5,000 from a friend in case I have to pay for an apartment for Daniel to get him out of prison. (Id. ¶¶ 14-15.)

DISCUSSION

I. Daniel's Partial Payment Request

Although Daniel and Mary litigated the very same partial payment issue they currently press before this Court in the SDNY Action, neither references that Action or the SDNY Order wherein Chief Judge McMahon determined that each plaintiff was required to remit the appropriate filing fee. See SDNY Order, 2018 WL 10125145, at *5. In that case, the Court carefully reviewed the requirements of 28 U.S.C. §§ 1915 and 1915A and concluded, along with the majority of district courts within the Second Circuit, as well as the Third, Seventh, and Eleventh Circuits, that each prisoner-plaintiff is required to pay the full filing fee. Id.

*2-3 (citing Hubbard v. Haley, 262 F.3d 1194, 1197 (11th Cir. 2001) ("'[T]he PLRA clearly and unambiguously requires' each prisoner to pay the full filing fee."); Boribourne v. Berge, 391 F.3d 852, 856 (7th Cir. 2004) ("[A]lthough the 'norm in civil litigation' is that there is but one filing fee per case, § 1915(b) 'specifies a per-litigant approach to fees . . . .'"); Hagan v. Rogers, 570 F.3d 146, 155 (3d Cir. 2009) (holding that each prisoner must pay a full filing fee)). Tellingly, notwithstanding their voluminous submission here, Plaintiffs do not reference Chief Judge McMahon's SDNY Order,[3] which this Court has reviewed and finds to be well-reasoned. See SDNY Order, 2018 WL 10125145, at *5 (holding that allowing Daniel, a prisoner who is barred from proceeding IFP under § 1915(g), "to split the cost of a single filing fee would undercut both the filing-fee requirement and the three-strikes sanction"). Therefore, for substantially the same reasons articulated by Chief Judge McMahon in the SDNY Order, Daniel's present request to partially pay the filing fee, i.e., pay his purported pro rata share of the fee, is DENIED. Rather, the Court finds he is required to pay in full the $402.00 filing fee.

Given Daniel's remittance of $175.00, the Court will

---

[3] Indeed, the plaintiffs sought reconsideration of the SDNY Order, which was denied. See Miller v. Annucci, No. 18-CV-0037, 2018 WL 10125146 (S.D.N.Y. Apr. 20, 2018).

apply it towards the $402.00 filing fee. Daniel shall have thirty (30) days from the date of this Order to remit the remaining $227.00 balance to the Clerk of the Court. The Clerk of the Court is to process Daniel's partial payment. This case will be held in abeyance until the balance is received. Daniel is ON NOTICE:

 (1) his payment of the filing fee does not exempt him from the requirements of 28 U.S.C. § 1915A; therefore, he should carefully consider his prior and pending litigation addressing some of the same issues raised in the present Complaint;

 (2) failure to comply with this Order, absent a showing of good cause, will result in the dismissal of his claims for failure to prosecute pursuant to Federal Rule of Civil Procedure 41; and

 (3) there will be no refund of the partial payment.

## II. Mary's IFP Motion

With regard to Mary's application to proceed IFP, the application is DENIED. "In forma pauperis status is a privilege, not a right." Bonano v. Costello, No. 19-CV-0671, 2019 WL 3081058, at *2 (N.D.N.Y. July 15, 2019) (citing Anderson v. Coughlin, 700 F.2d 37, 42 (2d Cir. 1983)). To qualify for IFP status, the Supreme Court has long held that "an affidavit is sufficient which states that one cannot because of his poverty pay or give security

for the costs [inherent in litigation] and still be able to provide himself and dependents with the necessities of life." Adkins v. E.I. Du Pont De Nemours & Co., 335 U.S. 331, 339 (1948) (internal quotation marks omitted). The purpose of the statute permitting litigants to proceed IFP is to ensure that "indigent persons have equal access to the judicial system." Davis v. N.Y.C. Dep't of Educ., No. 10-CV-3812, 2010 WL 3419671, at *1 (E.D.N.Y. Aug. 27, 2010). The determination of whether an applicant qualifies for IFP status is within the discretion of the district court. Pinede v. N.Y.C. Dep't of Envtl. Prot., No. 12-CV-6344, 2013 WL 1410380, at *2 (E.D.N.Y. Apr. 8, 2013) (collecting cases). The Court may dismiss a case brought by a plaintiff requesting to proceed IFP if the "allegation of poverty is untrue." 28 U.S.C. § 1915(e)(2)(A).

The Court has reviewed Mary's application and finds that she is not qualified to proceed IFP. As stated, supra, Mary reports receiving monthly income in the amount of $4,187.00 per month. Although Mary reports having a checking account from which she pays her bills, she has omitted the balance in that account. Mary also avers that she is able to borrow money from friends. See Fridman v. City of New York, 195 F. Supp. 2d 534, 537 (S.D.N.Y. 2002) ("In assessing an application to proceed in forma pauperis, a court may consider the resources that the applicant has or can

get from those who ordinarily provide the applicant with the necessities of life, such as from a spouse, parent, adult sibling or other next friend." (internal quotation marks and citation omitted)). Accordingly, Mary does not qualify for IFP status. See Wrenn v. Benson, 490 U.S. 89, 90 n.4 (1989) (per curiam) (denying leave to proceed IFP based on review of information contained in the supporting affidavit of indigency). Indeed, this conclusion is consistent with the Orders denying Mary's applications to proceed IFP in Miller v. Cuomo, No. 19-CV-1028, ECF No. 5 (N.D.N.Y. Nov. 12, 2019), and in Miller v. Cuomo, No. 20-CV-0575, ECF No. 11 (N.D.N.Y. Sept. 28, 2020). If Mary elects to pay the filing fee, the Court will sever her claims from those brought by Daniel and shall address them as a separate civil action. See SDNY Order, 2018 WL 10125145, at *5. The Court reiterates that there are no refunds of the filing fee once it is paid.

## CONCLUSION

For the reasons set forth above, IT IS HEREBY ORDERED:

The Clerk of the Court shall process Daniel's partial payment of $175.00;

**Daniel shall remit $227.00, the balance due towards the $402.00 filing fee, within thirty (30) days from the date of this**

**Order. Daniel is cautioned that, absent a showing of good cause, his claims will be dismissed without prejudice and without further notice should he fail to timely comply with this Order;**

**Mary's application to proceed IFP is DENIED. Mary is ORDERED to pay the $402.00 filing fee within thirty (30) days from the date of this Order, at which time the Court will sever her claims from those brought by Daniel and shall address them as a separate civil action. Mary is further cautioned that, absent a showing of good cause, her claims will be dismissed without prejudice and without further notice should she fail to timely comply with this Order.**

Pursuant to 28 U.S.C. § 1915(a)(3), the Court certifies that any appeal from this Order would not be taken in good faith; therefore, in forma pauperis status is denied for the purpose of any appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated: June 2 , 2021
Central Islip, New York

9