```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------X
DANIEL MILLER, and MARY MILLER,
            Plaintiffs,
                                        MEMORANDUM & ORDER
          -against-                     21-CV-2949 (JS)(JMW)

ANDRE SMITH, Parole Officer; TANYA
HUBBARD, Senior Parole Officer;
TINA M. STANFORD, Chairwoman, Board
of Parole; NYSDOCCS, ROGER TRAYNOR,
Senior Offender Rehabilitation
Coordinator at Franklin Correctional
Facility; COURTNEY LEONARD, Senior
Offender Rehabilitation Coordinator
at Franklin Correctional Facility;
MS. MORALES, Offender Rehabilitation
Coordinator at Green Haven Correctional
Facility; COUNTY OF NASSAU; JOHN DOE,
Commissioner of the Nassau County
Department of Social Services; ANTHONY
ANNUCCI, Acting Commissioner of DOCCS;
A. RUSSO, Superintendent of the Green
Haven Correctional Facility,

            Defendants.
---------------------------------X
```

APPEARANCES:
For Plaintiffs:     Daniel Miller, pro se
                    15-A-3706
                    Green Haven Correctional Facility
                    P.O. Box 4000
                    594 RT 216
                    Stormville, New York 12582

For Defendants:     No appearances.


SEYBERT, District Judge:

Presently before the Court is Plaintiff Daniel Miller's second pro se motion for reconsideration (hereafter, the "Second Reconsideration Motion"). (See ECF No. 43.) None of the

Defendants have responded to said Motion. (See Case Docket, in toto.) For the reasons that follow, the Second Reconsideration Motion is **DENIED**.

The Court assumes the parties' familiarity with the facts and procedural posture of this case and, therefore, addresses only the facts necessary to rule on the Second Reconsideration Motion. In that vein, on September 16, 2021, the Court issued a Memorandum and Order that, among other things, denied Plaintiff's request for a preliminary injunction (hereafter, the "September 16 Order"). (See ECF No. 36.) On October 4, 2021, Plaintiff filed a Notice of Interlocutory Appeal of the September 16 Order. (See ECF No. 42.) Thereafter, on October 12, 2021, the Court received and docketed Plaintiff's Second Reconsideration Motion, dated October 7, 2021. (See ECF No. 43.) In essence, Plaintiff contends the Court overlooked evidence that his mother, Mary, was not victimized by Plaintiff and that the State Defendants did not "proffer any compelling evidence which controverted that . . . [and] rendered a decision without a hearing." (Id. at 1.)

Pursuant to Local Civil Rule 6.3, "a notice of motion for reconsideration . . . of a court order determining a motion shall be served within fourteen (14) days after the entry of the Court's determination of the original motion . . . ." (Emphasis added.) Here, Plaintiff filed his Second Reconsideration Motion twenty-one (21) days after this Court's September 16, Order. "As

numerous cases from this Circuit have held, the untimeliness of a motion for reconsideration is reason enough to deny the motion." McGraw-Hill Global Education Holdings, LLC v. Mathrani, 293 F. Supp. 3d 394, 397 (S.D.N.Y. 2018) (citing Cyrus v.UCity of N.Y., No. 06-CV-4685, 2010 WL 148078, at *2 (E.D.N.Y. Jan. 14, 2010) (collecting cases); and Farez-Espinoza v. Napolitano, No. 08-CV-11060, 2009 WL 1118098, at *2 (S.D.N.Y. Apr. 27, 2009) (collecting cases); footnote omitted).  On that basis alone, Plaintiff's Reconsideration Motion is denied.[1]

Even if the Court were to address the merits of Plaintiff's Second Reconsideration Motion, it would deny it.  "A motion for reconsideration under Local Civil Rule 6.3 'will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court.'"  Mathrani, 293 F. Supp. 3d at 397 (quoting Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995)).  "The standard for reconsideration is strict, and ultimately, the decision is within the sound discretion of the

---

[1]  The Court also notes that because Plaintiff's Second Reconsideration Motion does not address a final judgment or order, he cannot rely upon Rule 60 of the Federal Rules of Civil Procedure and its more generous time frame to pursue this Motion.  See Mathrani, 293 F. Supp. 3d at 397 n.2 ("Because the [September 10] Order is an interlocutory order from which no appeal lies, Rule 60(b) is inapplicable." (citation omitted)).)

trial court." Id. at 397-98 (citing Robbins v. H.H. Brown Shoe Co., No. 08-CV-6885, 2009 WL 2496024, at *1 (S.D.N.Y. July 22, 2009)).

The crux of Plaintiff's argument in support of his Second Reconsideration Motion is that his mother, Mary, does not view herself as a victim of Plaintiff's 2006 financial crimes that resulted in the theft of $34,000 from Mary's bank account, a crime to which Plaintiff pled guilty. Mary averred to that in her Affidavit (see ECF No. 3-1 at ¶ 25), which Plaintiff contends the Court overlooked (see Second Reconsideration Motion at 1.) Not so. The Court considered said Affidavit, inter alia, in ruling on the balance of Plaintiff's Injunction Application. (See, e.g., September 16 Order at 5.) Thus, the Court did not overlooked any data presented by the Plaintiff in support of the Injunction Application and certainly none that might reasonably be expected to alter the conclusion reached by the Court in its September 16 Order.

Similarly, having considered all the parties' submissions in support of and in opposition to the Injunction Application, there was an adequate basis for the Court's decision, as articulated in the September 16 Order, without the necessity of a hearing on the Injunction Application. See Weisshaus v. Cuomo, 512 F. Supp. 3d 379, 386 n.3 (E.D.N.Y. 2021) (cleaned up) (quoting Hafez v. City of Schenectady, No. 1:17-CV-0219, 2017 WL 6387692,

at *5 (N.D.N.Y. Sept. 11, 2017)). Therefore, to the extent Plaintiff argues otherwise, the lack of a hearing in this instance also would not be a basis to grant reconsideration. See, e.g., Analytical Surveys, Inc. v. Tonga Partners, L.P., 684 F.3d 36, 52 (2d Cir. 2012) (quoting Sequa Corp. v. GBJ Corp., 156 F.3d 136, 144 (2d Cir. 1998) (internal quotation marks omitted)).

To the extent not specifically addressed herein, the Court has considered Plaintiff's remaining arguments in support of reconsideration and finds them to be without merit.

Accordingly, **IT IS HEREBY ORDERED**:

(A) Plaintiff's Second Reconsideration Motion (ECF No. 43) is **DENIED**;

(B) Pursuant to 28 U.S.C. § 1915(a)(3), the Court certifies that any appeal from this Order would not be in good faith and therefore in forma pauperis status is **DENIED** for the purpose of any appeal; see Coppedge v. United States, 369 U.S. 438, 444-45 (1962); and

(C) the Clerk of the Court shall mail a copy of this Order to the pro se Plaintiff at his address of record and include the notation "Legal Mail" on the envelope.

**SO ORDERED.**

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated: November  18th , 2021
       Central Islip, New York